# EXHIBIT A
# Plaintiff's Original Petition

FILED
TARRANT COUNTY
12/28/2021 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-331099-21

| | | |
|---|---|---|
| **ROI DEVELOPERS, INC.,** | § | **IN THE DISTRICT COURT** |
| **d/b/a ACCRUVIA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ____ **JUDICIAL DISTRICT** |
| | § | |
| **ATHENA BITCOIN, INC., d/b/a** | § | |
| **ATHENA BITCOIN GLOBAL,** | § | |
| | § | |
| Defendant. | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff ROI Developers Inc., d/b/a Accruvia ("Accruvia") files this its Original Petition against Defendant Athena Bitcoin, Inc., d/b/a Athena Bitcoin Global ("Athena"). In support, Accruvia would show:

### DISCOVERY CONTROL PLAN

1. Discovery is to be conducted under Level 1, pursuant to Tex. R. Civ. P. 190.2.

### RULE 47 DAMAGES STATEMENT

2. Pursuant to Tex. R. Civ. P. 47, Accruvia is seeking monetary relief of $250,000 or less.

### PARTIES

3. Plaintiff Accruvia is a Texas corporation doing business in Texas.

4. Defendant Athena Bitcoin, Inc., is a Delaware corporation, doing business in Texas. It can be served with process by serving its registered agent: National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimal jurisdictional limitations of the Court.

6. The Court has personal jurisdiction over Athena because it is going business in Texas, including owning, operating and/or controlling at least seven crypto ATMs in Texas, including two in Fort Worth, Texas. Further, the agreement Athena breached was with a Texas resident and involved work done under that agreement in Texas.

7. Venue is proper in Tarrant County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas. Moreover, venue is proper in Tarrant County because Athena breached a contract that was performable, in whole or in part, in Tarrant County, Texas.

## FACTS

8. Accruvia is a software developer based in and operating out of its office in Tarrant County, Texas.

9. Athena is a crypto-currency technology company.

10. In 2021, Athena hired Accruvia to provide certain software development and support services.

11. Athena agreed to pay Accruvia for its work.

12. Accruvia performed such work, and Accruvia invoiced Athena for all work done by Athena by Accruvia.

13. To date, Athena has refused to pay for the work done for it by Accruvia.

## CAUSES OF ACTION

### Breach of Contract

14. Accruvia re-alleges and incorporates by reference the facts and allegations set forth in all preceding paragraphs as if fully set forth at length herein.

15. There is a valid and existing agreement between Accruvia and Athena that provides that Athena will pay Accruvia for the software development and support services work it performed for Athena.

16. Accruvia fully performed under the parties' agreement, expending time and resources to provide work that was utilized by and that benefited Athena.

17. All conditions necessary to performance under the agreement have occurred or have been performed.

18. Athena breached the agreement by refusing to pay for such work, despite a demand for payment from Accruvia.

19. Athena's breach has proximately caused injury and damages to Accruvia, and Accruvia seeks its actual damages.

20. Accruvia is entitled to and requests its attorneys' fees and costs pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.

### Quantum Meruit

21. Accruvia re-alleges and incorporates by reference the facts and allegations set forth in all preceding paragraphs as if fully set forth at length herein.

22. Accruvia provided valuable services and/or materials to Athena.

23. Athena accepted and benefited from such services and/or materials.

24. Athena knew and had reasonable notice that Accruvia expected compensation for its services and/or materials.

25. Athena failed to and refuses to pay Accruvia for the services and/or materials provided by Accruvia to Athena.

26. Accordingly, Accruvia is entitled to recovery of damages from Athena under the doctrine of quantum meruit.

27. Accruvia seeks its actual damages on its quantum meruit claim.

28. Accruvia also seeks its attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.

## ALTERNATE PLEADINGS

29. Accruvia makes all allegations in the alternative, to the extent they are inconsistent, pursuant to TEX. R. CIV. P. 48.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following:

A. Citation be issued and Defendant be required to appear and answer;
B. Plaintiff be awarded a judgment against Defendant for Plaintiff's actual damages, pre- and post-judgment interest, and its attorneys' fees and costs; and
C. Plaintiff be granted all such other and further relief, special or general, legal or equitable, as Plaintiff may be shown to be justly entitled to receive.

Dated this 24th day of December, 2021.

Respectfully submitted,

/s/ Kelly Stewart
Kelly Stewart
Texas Bar No. 19221600
K STEWART LAW, P.C.
5949 Sherry Lane, Suite 900
Dallas, Texas 75225
972.308.6168
kelly@kstewartlaw.com

**ATTORNEY FOR PLAINTIFF**