No. 096-331099-21

| | | |
|---|---|---|
| ROI DEVELOPERS, INC. d/b/a ACCRUVIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 96TH JUDICIAL DISTRICT |
| | § | |
| ATHENA BITCOIN, INC., d/b/a ATHENA | § | |
| BITCOIN GLOBAL | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S SPECIAL APPERANCE

Defendant Athena Bitcoin, Inc. ("Athena" or "Defendant") hereby files this Special Appearance pursuant to Texas Rule of Civil Procedure 120a for the sole purpose of objecting to this Court's personal jurisdiction over Defendant. Further, Defendant would respectfully show that each and every statement, request, plea, application, or motion by Defendant or its attorneys of record in this action is made expressly subject to this Special Appearance and is to be interpreted in a manner wholly consistent with this written objection to the court's jurisdiction over the person of Defendant.

### I.  FACTS

1.1  This action has been brought by ROI Developers, Inc. d/b/a Accruvia ("Plaintiff") against Defendant for breach of contract, or in the alternative, quantum meruit. In naming the Defendant, Plaintiff has mistakenly confounded two distinct entities: Athena Bitcoin, Inc. and Athena Bitcoin Global. "Athena Bitcoin Global" is not an assumed name for Defendant. In fact, Defendant has a different assumed named, BitQuick.co.

### II.  ARGUMENT AND AUTHORITIES

2.1  To be subject to personal jurisdiction, a defendant must have "certain minimum contacts with [Texas] such that the maintenance of the suit does not offend 'traditional notions of

fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). The minimum contacts test requires "in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see CSR Ltd. v. Link*, 925 S.S.2d 591, 596 (Tex. 1996). A defendant's connection with the state must be such that "he should reasonably anticipate being haled into court" in the state if a dispute were to occur. *World-Wide Volkswagen Corp. Woodson*, 444 U.S. 286, 297 (1980).

2.2  Minimum contacts analysis generally requires assessment of whether the court is exercising "general" or "specific" jurisdiction. *Guardian Royal Exch. Assur. V. English China Clays*, 815 S.W.2d 223, 227-28 (Tex. 1991). The exercise of general jurisdiction requires that a defendant's contacts with the forum state be "continuous and systematic." *Helipcopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Guardian Royal*, 815 S.W.2d at 226; *Siskind v. Villa Found. For Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982). A showing of just some sort of continuous activity is not enough to establish general jurisdiction. *See International Shoe*, 326 U.S. at 318. The less connected the alleged continuous activities are from the causes of action at issue, the continuous corporate operations of a defendant must be more substantial. *Id.*

2.3  The only facts that could be construed to possibly create general jurisdiction over Defendant is Plaintiff's allegation that Defendant "is going [sic] business in Texas, including owning, operating and/or controlling at least seven crypto ATMs in Texas, including two in Fort Worth, Texas."[1] Even if this allegation is true, ownership of property in Texas is not sufficient for a finding of general jurisdiction. Furthermore, Plaintiff has never signed any contract with nor

---

[1] Plaintiff's Original Petition, ¶ 6.

performed any work for the Defendant alleged to own crypto ATM's in Texas, but rather a completely separate entity in another country. As such, there are no continuous, systematic, and substantial contacts necessary for a finding of general jurisdiction.

2.4     Specific jurisdiction is proper when the defendants' contacts with the forum state are related to the controversy underlying the litigation. *See Helicopteros*, 466 U.S. at 414 n.8. To maintain specific personal jurisdiction in Texas, a plaintiff must show (1) the defendant has purposely directed activities toward or purposefully availed itself of the privilege of conducting business in Texas; (2) the cause of action arises from those activities in Texas; and (3) the conduct of defendant has a substantial enough connection with Texas to make the exercise of jurisdiction reasonable. *See Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 774 (Tex. 1995). "The concept of minimum contacts is rooted in the notion that a defendant may reasonably be haled into the forum state's courts when it purposefully, not randomly or fortuitously, engages in activities there." *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 660 (Tex. 2010).

2.5     Plaintiff's Original Petition does not specify any basis for a finding of specific jurisdiction, but presumably Plaintiff will rely on its allegations that the contract at issue "was breached with a Texas resident and involved work done under that agreement in Texas."[2] However, the alleged work performed by Plaintiff could have been conducted anywhere and the alleged contract did not necessitate any activity to be performed in Texas. As Plaintiff even stated in its Petition, the alleged contract was "performable" in Texas. Defendant's awareness that Plaintiff was located in Texas and that the work was performable in Texas is not enough to establish that Defendant purposefully availed itself of the privilege of doing business in Texas. *Counter*

---

[2] Plaintiff's Original Petition, ¶ 6.

*Intelligence v. Calypso Waterjet Systems, Inc.*, 216 S.W.3d 512, 520 (Tex. App.—Dallas 2007, pet. denied). Simply put, Plaintiff's claims do not arise out of activity by Defendant in Texas. *Id.* (citing *Helocopteros*, 466 U.S. at 414).

### III.   CONCLUSION AND PRAYER

3.1    Because the Plaintiff has not alleged facts that would subject Defendant to the personal jurisdiction of this Court, Defendant respectfully requests that this Court refuse to exercise personal jurisdiction over Athena Bitcoin, Inc.

Respectfully submitted,

*/s/ Larry L. Fowler, Jr.*
LARRY L. FOWLER, JR.
State Bar No. 07321900
DANIEL GRAVES
State Bar No. 24101822

**HARRIS ✯ COOK, L.L.P.**
1309-A West Abram
Arlington, Texas 76013
817/299-2841 – Telephone
817/460-8060 – Facsimile
Email:  Larry@HarrisCookLaw.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, a true and correct copy of the above and foregoing document has been served on all counsel of record listed below via email through the efile.txcourts.gov system in accordance with TEXAS RULES OF CIVIL PROCEDURE 21a(a)(1).

Kelly Stewart
K Stewart Law, P.C.
5949 Sherry Lane, Suite 900
Dallas, TX  75225
kelly@kstewartlaw.com
Attorney for Plaintiff

> */s/ Larry L. Fowler, Jr.*
> LARRY L. FOWLER, JR.

No. 096-331099-21

| | | |
|---|---|---|
| ROI DEVELOPERS, INC. d/b/a ACCRUVIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 96TH JUDICIAL DISTRICT |
| | § | |
| ATHENA BITCOIN, INC., d/b/a ATHENA BITCOIN GLOBAL | § § | TARRANT COUNTY, TEXAS |

## DECLARATION

My name is Edward "Coach" Weinhaus, Esq., Corporate Secretary & Director of Athena Bitcoin, Inc., my date of birth is 04/01/1972, and my business address is 1332 N Halsted St., Suite 401, Chicago, IL 60642. I declare under penalty of perjury that I have read the foregoing document, Defendant's Special Appearance, and that the factual statements made therein are within my personal knowledge and are true and correct.

Executed in Carlsbad, California, on the 21st day of January, 2022.

_____
Edward "Coach" Weinhaus, Esq.