# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| ROI DEVELOPERS, INC., d/b/a ACCRUVIA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00073-O |
| ATHENA BITCOIN, INC., | § § § | |
| Defendant. | § | |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the Court's January 31, 2022, Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (Dkt. #4), the parties conducted a conference on February 10, 2022. During that conference, counsel for both parties engaged in a meaningful discussion on all of the matters outlined below, and have reached an agreement on them, as noted.

1. **Brief statement of claims and defenses:**

    Plaintiff:  Plaintiff, a software developer based in Tarrant County, Texas, agreed with Defendant to perform certain software development work for it while Plaintiff was in Texas. Defendant paid for part of that work, but did not pay for all of the work done by Plaintiff for Defendant.

    Defendant: Defendant denies that this Court has personal jurisdiction over Defendant for the claims asserted by Plaintiff. Defendant further denies that it is the correct Defendant and is not liable to Plaintiff for any of the alleged breaches to any contracts or agreements, as Defendant was not a party to such agreements, nor has Defendant benefited from any work performed by Plaintiff.

2. **Proposed time limit to file motions for leave to join other parties:**

   Proposed deadline: December 2, 2022

3. **Proposed time limit to amend pleadings:**

   Proposed deadline: December 2, 2022

4. **Proposed time limit to file various types of motions:**

   Proposed deadline for Defendant to file Motion to Dismiss for Lack of Personal Jurisdiction: May 23, 2022

   Proposed deadline for all other dispositive motions: March 7, 2023

5. **Proposed time limit for initial disclosure of experts:**

   Proposed deadline: January 6, 2023

6. **Proposed time limit for responsive designation of experts:**

   Proposed deadline: February 7, 2023

7. **Proposed time limit for objections to experts:**

   Proposed deadline: March 7, 2023

8. **Proposed plan and schedule for discovery, statement of the subjects on which discovery may be needed, time limit to complete factual discovery and expert discovery, and statement of whether discovery should be conduced in phases or limited to or focused upon particular issues:**

   The Parties believe that discovery should be conducted in two phases:

   Phase One: Personal jurisdiction discovery of Defendant. Proposed Phase One discovery deadline: May 16, 2022

   Phase Two: Merits and expert discovery. Phase Two discovery may start after and if the Court denies the motion to dismiss for lack of personal jurisdiction. Proposed Phase Two discovery deadline: February 24, 2023

**9. Changes to be made on limitations of discovery:**

The Parties do not believe that any limitations on discovery, other than what is set forth elsewhere in this Report, if any, are necessary at this time.

**10. Proposed means for disclosure of discovery of electronically stored information and statement of disputes regarding disclosure of ESI:**

The Parties have discussed the discovery of ESI and do not have any disputes as to how discoverable ESI will be produced at this point.

**11. Proposals regarding handling and protection of privileged or trial-preparation material:**

The Parties agree that the inadvertent production of privileged or trial-preparation material shall not be a waiver of any privileges or protections governing such material and as to any other documents, items, information or materials, testimony or evidence.

**12. Proposed trial date, estimated number of dates required for trial, and whether jury demand has been made:**

Because of the time needed for personal jurisdiction discovery (Phase One—ending May 16, 2022) and for the motion to dismiss for lack of personal jurisdiction to be filed, briefed and decided, the Parties propose the following:

Proposed trial date:  June 5, 2023.

Estimated length of trial:  Two days.

Jury demand:  No party has demanded a jury.

**13. Proposed date for further settlement negotiations:**

The Parties have discussed settlement.  The Parties agree to conduct an informal settlement conference (via telephone or Zoom) with 15 days after the Court rules on the motion to dismiss for lack of personal jurisdiction, if the Court denies that motion.

**14. Objections to Rule 26(a)(1) asserted at the Scheduling Conference, and other modifications (timing, form) regarding Rule 26(a) disclosures:**

The Parties have agreed to provide Initial Disclosures to each other by March 11, 2022.

No other modifications are necessary.

**15. Whether parties will consent to trial before U.S. Magistrate:**

The Parties do not agree to a trial before a U.S. Magistrate.

**16. Whether parties are considering mediation or arbitration, statement of when it would be more most effective; and if mediation the name of the mediator jointly recommended to mediate the case:**

The Parties agree that mediation should be ordered, and that it should occur before the end of the Phase Two discovery deadline set by the Court. The Parties will agree upon a mediator.

**17. Any other proposals regarding scheduling and discovery:**

The Parties have agreed to the following:

A. The Parties have agreed that the anticipated corporate representative deposition(s) of Defendant will be taken virtually.

B. The parties anticipate providing discovery that may be confidential and need to be produced subject to a Protective Order. If that occurs, the Parties have agreed to submit a proposed Protective Order to the Court and request that it be entered.

**18. Whether conference with the Court is desired:**

The Parties do not believe a conference before the Court is necessary at this time.

**19. Any other matters relevant to the status and disposition of the case:**

The Parties do not believe there are any other matters needing to be brought before the Court at this time.

Dated this 22nd day of February, 2022.

                Respectfully submitted,

                /s/ Kelly Stewart
                Kelly Stewart
                Texas Bar No. 19221600
                K STEWART LAW, P.C.
                5949 Sherry Lane, Suite 900
                Dallas, Texas 75225
                972.308.6168
                kelly@kstewartlaw.com

                **ATTORNEY FOR PLAINTIFF**

                /s/ Larry L. Fowler, Jr.
                Larry L. Fowler, Jr.
                Daniel Graves
                HARRIS COOK, L.L.P.
                1309-A West Abram
                Arlington, Texas 76013
                larry@harriscooklaw.com
                daniel@harriscooklaw.com

                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This certifies that copy of this document was filed electronically with the Court on February 22, 2022, using the CM/ECF system, which will sent a notice of electronic filing to counsel of record.

                /s/ Kelly Stewart