## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## (FORT WORTH DIVISION)

| | | |
|---|---|---|
| ROI DEVELOPERS, INC.,<br>d/b/a ACCRUVIA | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | **Case No. 4:22-cv-73-O** |
| ATHENA BITCOIN, INC., d/b/a ATHENA<br>BITCOIN GLOBAL | §<br>§<br>§ | |

---

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

---

Comes now, Defendant Athena Bitcoin, Inc. ("Defendant") and in support of this, it's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment would show as follows:

1.      Defendant filed a Motion for Summary Judgment in this proceeding on or about October 4, 2022. Plaintiff filed a Response to Defendant's Motion for Summary Judgment on October 24, 2022.

### INTRODUCTION

2.      The central issue in this proceeding is Defendant's position that Plaintiff never entered into a contract with Defendant for the services which form the basis of Plaintiff's claim.

3.      In support of its Response, Plaintiff has caused to be filed the Affidavit of Shaun Overton, the principal of Plaintiff.

### OBJECTIONS TO EVIDENCE

4.      Defendant objects to portions of the Affidavit of Mr. Overton and asks that they be stricken and not be considered in support of Plaintiff's Response.

---

5.      In paragraph 12 of his Affidavit, Mr. Overton alleges that "I believed, at the time Accruvia started the work that forms the basis of this lawsuit that I was working for Athena.  This work Accruvia performed was directed by Athena and was provided to Athena."

6.      This testimony by Mr. Overton directly contradicts his deposition testimony given on August 16, 2022 in this proceeding, the contract Plaintiff has admitted he executed (*See* Appendix to Defendant's Motion for Summary Judgment, Ex. 1), and his own attorney's written demand letter when he first went for collection.  *See* Appendix to Defendant's Motion for Summary Judgment, Ex. 5.  In Mr. Overton's Affidavit, he acknowledges that he entered into a term sheet with Athena Bitcoin Global, Inc. (Overton Aff. P.6).  Copies of the term sheet are attached to Defendant's Motion for Summary Judgment.  *See* Appendix to Defendant's Motion for Summary Judgment, Ex. 1.  At Mr. Overton's deposition, he was questioned extensively about who he was entering into an agreement with to provide the services involved in this litigation.  At Mr. Overton's deposition, he testified that:

P.64   Question:   as of October 4, 2021, did you believe your agreement was with the same person or entity that you entered into the term sheet with?

       Answer:     yes

       Question:   And that's who you believe you were going to provide services to and that's what you believed was going to pay you correct?

       Answer:     I said earlier that I wasn't focused on it because to me all I cared about was the cash outlay. So I had put no thought into which entity was paying me.

On page 65 of Mr. Overton's deposition, he testified that:

       Question:   So then, at least as of October 4, isn't it true that you believed the entity that you were providing services to and that you were going to get paid by was the same entity that you entered into the term sheet with?

       Answer:     No. The blunt truth is that I did not have any concern whatsoever. I had put no thought into which entity was going to pay me. My only motivation and concern was getting paid in a timely manner.

Question:    Okay. So then if the folks at Athena Global Bitcoin, Inc. say that as of October 4, 2021, it was the belief of Athena Bitcoin Global that it entered into this agreement with ROI where ROI was going to provide the services for the Chivo Project, you wouldn't be able to contradict that testimony, would you?

Answer:    I didn't have - - I said, I didn't put any thought into which entity would pay me.

Now, in his Affidavit, Mr. Overton is attempting to contradict his deposition testimony. This Affidavit testimony from Mr. Overton is a <u>sham Affidavit</u> and should not be considered in support of Plaintiff's Response to Defendant's Motion. *Doe v. Dall. Ind. Sch. Dist.*, 220 F.3d 380 (5th Cir. 2000).

7.    In addition to the foregoing, Defendant objects to paragraph 9 of Mr. Overton's Affidavit wherein he alleges that he "had disclosed to Defendant Athena Bitcoin, Inc. ("Athena") that Accruvia was based in Texas, and that I lived in Texas."  This statement is conclusory and does not set forth the specific person to whom he allegedly made these representations or specifically what was said. Accordingly, such statement should not be considered in support of Plaintiff's response.

8.    Defendant objects to paragraph 10 of Mr. Overton's Affidavit in its entirety. In this paragraph, Mr. Overton alleges that "Accruvia performed custom software development for Athena." Such statement is, on its face conclusory, and does not set forth the specific facts to support such conclusion. Accordingly, such paragraphs should not be considered in support of Plaintiff's Response.

9.    Defendant objects to that portion of Mr. Overton's Affidavit in paragraph 11 wherein he alleges "Miss Jarrell now works for Athena and still lives and works in Texas to my

knowledge." Such statement is on its face speculative and should not be considered in support of Plaintiff's Response.

10.     Defendant objects to that portion of paragraph 13 in Mr. Overton's Affidavit wherein he alleges "my understanding based on my work for the government of El Salvador and for Athena on Chivo Wallet, was that Chivo Wallet, when used in a Bitcoin ATM in the United States using its technology, would allow a person . . ." Defendant objects to such statement as it constitutes hearsay. Mr. Overton has acknowledged that the statement is based upon information provided to him by some unknown person in the government of El Salvador. Accordingly, such statement is hearsay and should not be considered in support of Plaintiff's Response.

11.     Defendant objects to paragraph 14 and the Exhibit 1-A reference therein in Mr. Overton's Affidavit. The statement contained in that paragraph and Exhibit 1-A are hearsay. Accordingly, such statement and the Exhibit 1-A should not be considered in support of Plaintiff's Response.

<u>ARGUMENT</u>

12.     Defendant would further respond that nowhere in Plaintiff's proffered evidence does the Plaintiff definitively state who it entered into an agreement with to provide the services which are the subject of Plaintiff's claim. The closest that Plaintiff comes to addressing that issue is in paragraph 12, wherein Plaintiff alleges that Mr. Overton believed he was working for Athena.

13.     As set forth above, such statement by Plaintiff's representative, Mr. Overton, should not be considered since it directly contradicts the deposition testimony of Mr. Overton given in this proceeding. However, even if the Court were to consider such statement, it still does not rise to the level of meeting Plaintiff's burden that it must introduce evidence that establishes who it entered into the contract with which forms the basis of Plaintiff's claims. Nowhere in

Plaintiff's evidence, does it address the issue of who asked it to provide the services and who agreed it would be obligated for payment for such services. There is evidence that invoices for work were sent to Athena Bitcoin, but there is no evidence that Defendant Athena Bitcoin Inc. had agreed that it was obligated to pay such invoices or to pay Plaintiff for its work.

14.     In paragraph 19 of the Affidavit of Mr. Overton, he alleges that "Accruvia expected payment for the work it performed for Athena that forms the basis of this lawsuit." Nowhere in this sentence does Mr. Overton allege who it contends was obligated to make such payment.

15.     In addition to the foregoing, Defendant would show that in Plaintiff's Response, it acknowledges that it signed a term sheet with Athena Bitcoin Global, Inc. (Overton Aff. P.6). There is no dispute that this Agreement provided that Plaintiff would work exclusively for Athena Bitcoin Global, Inc. Accruvia agrees to work **exclusively with ABIT** for ABIT's current or future clients. (*See* Appendix to Defendant's Motion for Summary Judgment Ex. 1).  Rather than address that the contract he executed unambiguously called for Plaintiff to work exclusively for ABIT, Plaintiff apparently just ignores the contract or claims he "never knew" who he was working for.

In the absence of evidence as to the party with whom Plaintiff allegedly contracted to provide the services allegedly provided by Plaintiff, Plaintiff has not met its burden and the Court should accordingly grant Defendant's Motion for Summary Judgment.

Respectfully submitted,


*/s/ Larry L. Fowler*
Larry L. Fowler
Texas Bar No. 07321900

**HARRIS ★ COOK, L.L.P.**
1309-A West Abram
Arlington, Texas 76013
817/299-2841 – Telephone
817/460-8060 – Facsimile
Email: Larry@HarrisCookLaw.com

**ATTORNEYS FOR DEFENDANT
ATHENA BITCOIN, INC.**


## CERTIFICATE OF SERVICE


I hereby certify that on November 7, 2022, a true and correct copy of the above and foregoing document has been served on all counsel of record listed below via email through the efile.txcourts.gov system in accordance with TEXAS RULES OF CIVIL PROCEDURE 21a(a)(1).

Kelly Stewart
K Stewart Law, P.C.
5949 Sherry Lane, Suite 900
Dallas, TX 75225
kelly@kstewartlaw.com
Attorney for Plaintiff


*/s/ Larry L. Fowler, Jr.*
LARRY L. FOWLER, JR.